IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE MONTALVO,

    Plaintiff,

v.                                                           No. 2:18-cv-00048-KG-GBW

SBH-EL PASO, LLC d/b/a PEAK
BEHAVIORAL HEALTH SERVICES,
LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Defendant's Opposed Motion to Dismiss and Compel Arbitration," filed February 22, 2018. (Doc. 6). Plaintiff filed his response on March 8, 2018, and Defendant filed its reply on March 21, 2018. (Docs. 8 and 10). Having reviewed the parties' briefing and exhibits, and the relevant law, the Court grants Defendant's motion to dismiss and compels Plaintiff to arbitrate his employment claims.

*I. Background*

Plaintiff is a former employee of Defendant. (Doc. 6) at 1, ¶ 1; (Doc. 8) at 1, ¶ 1. On October 22, 2013, Plaintiff signed an "Applicant's Statement & Agreement" ("Agreement") form provided by Defendant, which was the last page of his employment application. (Doc. 6-1) at 4; (Doc. 8) at 3. This form contains, amongst other provisions, an arbitration provision. (Doc. 6-1) at 4. The arbitration provision explains:

> I also understand that the Company promotes a voluntary system of alternative dispute resolution which involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and myself, I acknowledge that the Company and I

will utilize binding arbitration to resolve all disputes that may arise out of the
employment context.

*Id.* The arbitration provision concludes with the following: "I understand that by voluntarily agreeing to this binding arbitration provision, both I and the Company give up our rights to trial by jury. I further agree to pursue any claims individually and not as part of any class or collective action." *Id.*

The Agreement also contains an "at-will" provision. *Id.* This provision explains that Plaintiff's employment is "terminable at-will, is for no definite period, and [his] employment and compensation may be terminated by the Company (employer) at any time and for any reason whatsoever, with or without good cause at the option of either the Company or myself." *Id.* The at-will provision further provides that "[n]o implied, oral, or written agreements contrary to the express language of this agreement are valid unless they are in writing and signed by the President of the Company (or majority owner or owners if Company is not a corporation)." *Id.*

On November 4, 2013, Plaintiff signed an "Acknowledgement of Receipt of Strategic Behavioral Health's Employee Handbook" ("Acknowledgement"). *Id.* at 5. The Acknowledgement states that the accompanying "Handbook serves only as a guide and under no circumstances can this Handbook create a contract of employment between SBH and me." *Id.* The Acknowledgement references at-will and arbitration sections in the accompanying Handbook. The Acknowledgment goes on to note that

> I understand that all provisions, limitations, and exclusions related to employment are not and cannot be covered in this Handbook and SBH has the exclusive right at its sole discretion to deviate at any time from the provisions stated in this Handbook and/or to change, modify or terminate any of its provisions, except the 'At Will' employment and Arbitration provisions.

*Id.* The Acknowledgement concludes with a paragraph titled, "Agreement to Arbitrate." *Id.* This paragraph explains: "I understand that the Handbook provides a general outline of the

2

arbitration process, but there is a separate Arbitration Agreement that outlines all terms and conditions of the arbitration process that will exist between SBH and me regarding employment related disputes." *Id.*

Plaintiff alleges he worked for Defendant until his termination effective March 1, 2017. (Doc. 1) at 4. Plaintiff then filed "Plaintiff's Original Complaint" on January 16, 2018, in this Court. (Doc. 1). Plaintiff challenges the termination of his employment in this lawsuit.

Defendant moves to dismiss this case and compel arbitration, arguing that the Agreement's arbitration provisions constitute a valid and enforceable arbitration agreement and Plaintiff's claims fall within the scope of the arbitration agreement. In response, Plaintiff argues the motion should be denied because the agreement to arbitrate is illusory and he should be allowed discovery of the Handbook and other hiring documents.

II. *Legal Standard*

Under the Federal Arbitration Act ("FAA"), a court must enforce an agreement to arbitrate except for "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[I]f a federal district court determines that a suit is subject to an arbitration agreement, it shall, on application of a party, stay the litigation pending arbitration." *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013) (citing *id.* at § 3). In addition, the Court will "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* (citing 9 U.S.C. § 4).

"[T]here is a strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1488-1489 (10th Cir. 1994) (citation omitted). Similarly, "[t]he legislature and the courts of New Mexico have expressed a strong policy preference for resolution of disputes by

3

arbitration." *United Tech. & Res., Inc. v. Dar Al Islam*, 1993-NMSC-005, ¶ 11, 115 N.M. 1 (internal quotation marks and citation omitted). "Of course, a prerequisite to compelling arbitration is the existence of a valid agreement to arbitrate." *Salazar v. Citadel Commc'ns Corp.*, 2004-NMSC-013, ¶ 8, 135 N.M. 447 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)); *see also Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997) ("The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked.").

"[T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate." *BOSC, Inc. v. Board of Cnty. Comm'rs of Cnty. of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017) (citing *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012)). If the moving party satisfies its burden, "the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an [enforceable] agreement or the failure to comply therewith." *Id.* "To determine whether the agreement to arbitrate is valid, courts look to general state contract law." *Salazar*, 2004-NMSC-013, ¶ 8 (citation omitted).

### III.     Discussion

"A legally enforceable contract requires evidence supporting the existence of 'an offer, an acceptance, consideration and mutual assent.'" *Piano v. Premier Distributing Co.*, 2005-NMCA-018, ¶ 6, 137 N.M. 57. "[E]ach party to a contract has a duty to read and familiarize himself with the contents of the contract, each party generally is presumed to know the terms of the agreement, and each is ordinarily bound thereby.'" *Ballard v. Chavez*, 1994-NMSC-007, ¶ 8, 117 N.M. 1 (citation omitted). "Courts must interpret the provisions of an arbitration agreement

4

according to the rules of contract law and apply the plain meaning of the contract language in order to give effect to the parties' agreement." *McMillan v. Allstate Indem. Co.*, 2004-NMSC-002, ¶ 10, 135 N.M. 17 (citation omitted).

Here, the Court finds the Agreement is an enforceable contract that Plaintiff accepted by signing the Agreement. Of relevance here, is the arbitration provision in the Agreement which binds both Plaintiff and Defendant to arbitration of disputes. The Agreement also instructed Plaintiff to read it before signing it. (Doc. 6-1) at 4. As noted above, Plaintiff had a duty to read the Agreement and the Court presumes Plaintiff knew that he agreed to binding arbitration "to resolve all disputes that may arise out of the employment context." *Id.* Thus, Plaintiff is bound by the binding arbitration agreement.

Nevertheless, Plaintiff argues that the arbitration provision in the Agreement is illusory and, as a result, unenforceable under New Mexico law. "Under general New Mexico contract law, an agreement that is subject to unilateral modification or revocation is illusory and unenforceable." *Salazar*, 2004-NMSC-013, ¶ 9 (citation omitted). "This principle applies equally to agreements to arbitrate." *Id.* Consequently, "[t]he party that reserves the right to change the agreement unilaterally, and at any time, has not really promised anything at all and should not be permitted to bind the other party." *Id.*

Plaintiff contends the arbitration provision can be unilaterally modified by the President of the Company. He points specifically to the provision that states, "[n]o implied, oral, or written agreements contrary to the express language of this agreement are valid unless they are in writing and signed by the President of the Company." (Doc. 6-1) at 4. Plaintiff argues this language renders the arbitration provision illusory. (Doc. 8) at 3-4.

This language may apply to the at-will provision, but it does not apply to the arbitration provision. In other words, the Court construes the illusory language to be limited to the at-will provision. Indeed, the Agreement contains different provisions, constituting independent agreements, including the at-will provision and the arbitration provision. There is nothing plain in the Agreement that indicates the President can modify the arbitration provision that evidences an illusory promise that would render it unenforceable. Therefore, the arbitration agreement is valid and enforceable. Thus, Plaintiff is compelled to arbitrate his claims against Defendant.[1]

Plaintiff also argues that the arbitration agreement includes the Acknowledgement and the Handbook, and that discovery of the Handbook and hiring documents, under Fed. R. Civ. P. 56(d), is necessary to present his argument against compelling arbitration. The Acknowledgement to the Handbook clearly states that the Handbook is meant to serve as a guide and not an employment contract. The Acknowledgement does state that "provisions, limitations, and exclusions" in the Handbook may be changed, modified, or terminated at any time by Defendant, except for the "At Will" employment and arbitration provisions. This language can only be reasonably read to plainly mean that the details in the Handbook may be modified by Defendant as it so chooses, but it cannot modify the arbitration provisions in the Handbook. Furthermore, the Acknowledgment explains that the Handbook only contains a general outline of the arbitration process, with the terms and conditions regarding arbitration detailed in the Agreement.

The Agreement, accordingly, is separate from the Acknowledgement and the Handbook. Therefore, in exercising its discretion, the Court declines to allow Plaintiff discovery of the Handbook or any other hiring documents. *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1001

---

[1] Plaintiff does not argue that his claims are outside of the scope of the arbitration agreement.

(10th Cir. 2005) ("Discovery rulings are generally within the sound discretion of the trial court."). The evidence demonstrates a valid, enforceable arbitration agreement and, thus, the Court grants Defendant's motion, dismissing this case and compelling arbitration.[2]

IT IS, THEREFORE, ORDERED that

1. Defendant's Opposed Motion to Dismiss and Compel Arbitration (Doc. 6) is granted;

2. Plaintiff's request for discovery of the Handbook and other "hiring documents" is denied;

3. Plaintiff is compelled to engage in arbitration of his employment dispute as provided in the arbitration agreement he signed on October 22, 2013, (Doc. 6-1) at 4; and

4. this lawsuit will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Tenth Circuit has intimated that a district court may dismiss a lawsuit when all claims are arbitrable and the movant specifically requests dismissal rather than a stay. *See Armijo v. Prudential Insurance Co. of America*, 72 F.3d 793, 796-797 (10th Cir. 1995) (finding appellate jurisdiction over order dismissing case in which all claims referred to arbitration; distinguishing *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 954-955 (10th Cir. 1994), because defendant had not requested dismissal). Those two prerequisites are satisfied here. Therefore, Plaintiff's claims and this action are dismissed without prejudice.